DARIUS WELLINGTON *vs.* WILLIAM D. SWASEY.

Suffolk.   March 11, 1891. — May 20, 1891.

Present: FIELD, C. J., C. ALLEN, HOLMES, MORTON, & LATHROP, JJ.

*Covenant — Breach — Satisfaction.*

In an action for breach of covenant to deliver a deed, it appeared that the alleged breach consisted in the absence of seals from the instrument accepted by the plaintiff; that thereafter the plaintiff conveyed the land to his brother, who subsequently brought a bill in equity in the plaintiff's name to compel the sealing of the instrument; that before taking any further steps in the cause the brother, with the plaintiff's assent, paid the defendant for affixing the proper seals; and that thereupon the plaintiff repaid the amount, and sought to recover it of the defendant in the action. *Held,* that the plaintiff's claim on the covenant, if any, was satisfied by the settlement made with his assent; and that the action could not be maintained.

CONTRACT for breach of covenant in a bond for a deed. Trial in the Superior Court, before *Thompson,* J., who ordered a verdict for the defendant, and reported the case for the determination of this court, in substance as follows.

On September 22, 1874, the defendant executed the bond or obligation in question, which was conditioned upon the defendant's giving to the plaintiff " a good and sufficient title by deed of warranty " of a parcel of land in Maine, upon the payment by the latter of two promissory notes.   The plaintiff paid the notes in question in February, 1877, and in the March following the defendant executed and the plaintiff accepted a paper writing purporting to be a warranty deed of such parcel, which was duly recorded in 1880.   In 1881 the plaintiff conveyed the land by a deed of warranty to his brother, Cornelius Wellington, for a valuable consideration.   In 1887 Cornelius conveyed the land to a third person by deed, at which time it was ascertained that the instrument purporting to be a deed given by the defendant to the plaintiff in March, 1877, had no seals upon it, whereupon Cornelius brought a bill in equity in the name of the plaintiff to compel the defendant to affix seals to that instrument.   During the pendency of the bill, Cornelius, in order to perfect his own title and that of those claiming under him by perfecting the title of the plaintiff, and to avoid loss and litigation, paid to the defendant the sum of fifteen hundred dollars.   By the agreement of the parties, the title was perfected by placing seals upon the instrument of March, 1877, whereupon the bill in equity was dismissed without prejudice ; and subsequently Cornelius demanded of the plaintiff the amount paid by him to the defendant, and the plaintiff paid the same to him.

If upon these facts the plaintiff was not entitled to recover, judgment was to be entered upon the verdict; otherwise, a new trial was to be granted.

*J. S. Patton,* (*L. G. Blair* with him,) for the plaintiff.

*H. D. Hadlock,* for the defendant.

HOLMES, J.  We assume in the plaintiff's favor that he shows a covenant by the defendant to deliver a deed, and a breach by reason of the absence of seals from the instrument which the plaintiff accepted.   After the execution of the instrument the plaintiff conveyed the land described in it to his brother Cornelius.   Later, Cornelius brought a bill in equity in the name of the plaintiff, Darius, to compel the sealing of the instrument, and then, seemingly before any further step had been taken in the cause, Cornelius paid the defendant fifteen

hundred dollars, and the defendant caused the proper seals to be affixed. This was done by the agreement of the parties, including, as we understand the report, the plaintiff, Darius, who was the nominal plaintiff in the bill in equity.

If the plaintiff had paid the money, the sealing of the deed would have imported satisfaction of the plaintiff's claim on the covenant, and the same must be taken to be true when the money was paid by a third person with the plaintiff's assent, the whole transaction being a settlement of a controversy upon that covenant then pending in the plaintiff's name. If the payment had not been with the plaintiff's assent, it is difficult to see how he could recover more than nominal damages. For his case is that the defendant's agreement still binds him, and if so, the payment made by the plaintiff's brother in order to induce the defendant to do what he had covenanted to do by this same agreement was not necessary, but the defendant might have been compelled to do it by prosecuting the bill in equity. Therefore the plaintiff was not bound by the covenants in his deed to indemnify his brother for the payment, and cannot recover what he paid from the defendant. Without considering further objections to the plaintiff's recovery, we are of opinion that the ruling for the defendant was right.

*Judgment on the verdict.*